IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT, INC., | ) | |
| | ) | 8:08CV184 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JAMES R. HILL, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for determination of attorney fees. This is an action to enforce a loan guarantee. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

I.  BACKGROUND

This action was originally filed in Texas. See Filing No. 1, Complaint. Defendant Hill filed an answer to the plaintiff's complaint in Texas, acceding to the jurisdiction of the United States District Court for the Southern District of Texas over this dispute. See Filing No. 9, Answer. Hill's co-defendants, however, moved to transfer to the more convenient venue of the District of Nebraska. *See* Filing No. 10, Motion; Filing No. 13, Order. Hill did not oppose that motion. The dispute with respect to the other defendants was resolved. Filing No. 58, Stipulation; Filing No. 60, Judgment. The court recently granted Financial Federal Credit, Inc.'s ("FFCI") motion for summary judgment and entered judgment in favor of the plaintiff and against defendant James J. Hill, and ordered briefing on the attorney fees issue. Filing No. 75; Memorandum and Order ("Mem & O."); Filing No. 76, Judgment.

In the loan guaranty at issue, Hill agreed to the jurisdiction and venue of Texas courts. Filing No. 12, Document 4,  Affidavit of Dirk Copple (CM/ECF 12-4) at 6; Document

6, Ex. H (CM/ECF 12-6) at 23 (2004 Guaranty at 1) & 25 (2005 Guaranty at 1).  The Guaranty provided that it was "governed by the laws of the state of the guarantor's location, or if one or more of the terms of the guaranty would be unenforceable under the laws of such state, the laws of the state of FFCI's location." *Id.* at 23, 25.  FFCI is located in Texas and Hill is located in Nebraska.  *Id.*  In briefs filed in support of and opposition to a motion for summary judgment, the parties agreed that Texas law applies.  See Filing No. 75, Mem. & O. at 4 n.1; Filing No. 62, Plaintiff's Brief at 11; Filing No. 68, Defendant Hill's Brief at 1, 4.

FFCI seeks payment of attorney fees under a provision of loan guaranty that provides for indemnification of FFCI for "attorneys fees arising out of to related to or in connection with any obligations or this guaranty."  *See* Filing No. 12, Document 4,  Affidavit of Dirk Copple (CM/ECF 12-4) at 6; Document 6, Ex. H (CM/ECF 12-6) at 23 (2004 Guaranty at 1) & 25 (2005 Guaranty at 1).  Likewise, the underlying promissory notes and security agreements provide for attorneys' fees.  *See, e.g., id.*, Document 6, Ex. E (CM/ECF 12-6) at 10 (Promissory Note at 1); Document 5, Ex. A (Filing No. 12-5) security agreement at 2.

The defendant opposes the plaintiff's request for fees, asserting that an attorney fee award is contrary to public policy in Nebraska.

II.   LAW

Where a district court transfers a case "for the convenience of parties and witnesses," under 28 U.S.C. § 1404(a) the plaintiff's initial forum choice is legally appropriate, and it is therefore fair to subject a defendant to suit under the laws of that forum. *Ferens v. John Deere Co.*, 494 U.S. 516, 526 (1990) (noting that "applying the law

of the transferor forum effects the appropriate balance between fairness and simplicity").
Courts use 28 U.S.C. § 1404(a) as a mere "housekeeping measure," and a change of
venue is not to be accompanied by a change in the applicable state law. *Eggleton v.
Plasser & Theurer Export Von Bahnbaumaschinen*, 495 F.3d 582, 589 n.3 (8th Cir. 2007);
*see also Van Dusen v. Barrack*, 376 U.S. 612, 630 (1964) (stating that "courts construing
§ 1404(a) have been strongly inclined to protect plaintiffs against the risk that transfer
might be accompanied by a prejudicial change in applicable state laws").

Federal courts sitting in diversity jurisdiction apply the choice of law rules of the
forum state. *Day & Zimmermann v. Challoner*, 423 U.S. 3, 4 (1975) (per curiam) (the
forum state's choice-of-law rules determine the substantive law in diversity actions);
*Schwan's Sales Enters, Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595-96 (8th Cir. 2007).
Texas courts apply the law of the state with the "most significant relationship" to the dispute
unless a contract with a valid choice-of-law clause applies. *Duncan v. Cessna Aircraft Co.*,
665 S.W.2d 414, 421 (Tex. 1984). In Texas, contractual choice of law provisions should
generally be enforced, subject to the provisions of the Restatement (Second) of Conflict
of Laws § 187. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990);
*Maxus Exploration Co. v. Moran Bros.*, Inc., 817 S.W.2d 50, 53 (Tex. 1991) (stating that
choice of law is initially determined by any contractual agreement between the parties as
to which law shall govern).

"A fee award is governed by the same law that serves as the rule of decision for the
substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).
Texas law allows an award of attorney fees if permitted by statute or allowed by contract.

3

*Medical City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008). Texas statutes specifically allow for recovery of attorney fees for breach of contract. Tex. Civ. Prac. & Rem. Code § 38.001(8); *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002). Under Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees and the plaintiff has been awarded damages. *Mathis*, 302 F.3d at 462.

In contrast, under Nebraska law, "a contractual provision that in the event of any dispute or litigation involving the contract, the prevailing party shall be entitled to recover all costs of suit, including reasonable attorney fees, is contrary to public policy and void." *GFH Fin. Services. Corp. v. Kirk*, 437 N.W.2d 453, 459 (Neb. 1989); *Nebraska Nutrients, Inc. v. Shepherd*, 626 N.W.2d 472, 518 (Neb. 2001) (explaining that longstanding Nebraska precedent holds that attorney fees are elements of court costs and affect only a remedy and not a substantive part of the contract itself).

The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001); *Perdue v. Kenny A., ex rel Winn*, No. 08-970, — U.S. —, —, 2010 WL 1558980, *6, (April 21, 2010) (noting that the "lodestar" figure has become the guiding light in the federal courts' fee-shifting jurisprudence and yields a fee that is presumptively sufficient to achieve the objective of fee-shifting statutes). A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).

4

III.   DISCUSSION

Under *Van Dusen* and *Ferens*, a transfer of venue for the convenience of the litigants cannot work to the prejudice of either party by altering the substantive law that would apply had the case remained in the original forum.  This court, as transferee court, is to apply the same law that the transferor court would have applied had the case remained in that district.  The District Court in Texas would have applied the choice of law principles of Texas, which would have honored the parties' contractual agreement.  The agreement provided for application of the laws of the state of FFCI's location (Texas) "if one or more of the terms of the guaranty would be unenforceable under the laws of [Nebraska, the guarantor's] state."  Under Nebraska law, the attorney fee provision would be unenforceable, so Texas law would apply to the dispute.  Under Texas law, there is a statutory basis for an award of attorney fees in a contract action.  Accordingly, the court finds under Texas law that the plaintiff is entitled to an award of fees.

That the State of Nebraska has a public policy aversion to such an award is of no consequence since the court applies the choice of law principles of the transferor court in a case transferred under 28 U.S.C. § 1404(a).  A transfer under § 1404(a) does not change the law applicable to a diversity case.  Texas law, not Nebraska law, governs the dispute.  Notably, the Texas district court had jurisdiction over the dispute and defendant Hill did not challenge its jurisdiction.  Moreover, defendant Hill agreed that Texas law is applicable to the dispute.  Under the circumstances, the court finds that Texas law should be applied.

FFCI requests a fee award of $15,280.00 for 76.4 hours of work performed in the case over the course of approximately 18 months at the hourly rate of $200.00 per hour. FFCI dies not seek fees incurred due to issues that did not involve defendant Hill, such as

5

fees incurred in connection with the temporary transfer of this case to bankruptcy court, the dismissal of defendant Gary Wills, or charges incurred prior to the transfer of the case to this district. The court finds the hours and labor expended on the case were reasonable. FFCI submits the affidavit of counsel showing that the rate charged is generally consistent with prevailing rates for similarly experienced lawyers in the Omaha community for work of this nature. Based on the affidavit and on the court's familiarity with fees in the community, the court finds the hourly rate is reasonable. Accordingly, fees in the amount of $15,280.00 will be awarded. A judgment in conformity with this Memorandum Opinion will issue this date.

DATED this 27th day of April, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.